# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2015

Lyle W. Cayce
Clerk

No. 14-41242
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ALBERTO FLORES-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-98-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Flores-Flores (Flores) pleaded guilty to illegal reentry by a previously deported alien and was sentenced within the advisory guidelines range to 41 months of imprisonment. On appeal, Flores challenges the procedural reasonableness of his sentence, focusing on the district court's failure to adequately explain its sentencing decision. Flores specifically contends that the district court did not address his request for a downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41242

variance based on his assertion that the 16-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), lacked an empirical basis.

Because Flores did not object to the procedural reasonableness of his sentence in the district court, we apply plain error review.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  To prevail on plain error review, Flores must show a clear or obvious forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *Id.*

Our review of the record indicates that the district court listened to and considered Flores's arguments in favor of a downward variance and thoroughly explained its reasons for imposing a sentence at the bottom of the guidelines range.  *See Rita v. United States,* 551 U.S. 338, 356-59 (2007).  Moreover, Flores failed to address how the district court's explanation of its sentencing decision affected his substantial rights.  *See Mondragon-Santiago*, 564 F.3d at 365. Therefore, Flores did not show that the district court committed reversible plain error by inadequately explaining its sentencing decision.  *See Puckett*, 556 U.S. at 135.  Accordingly, the judgment of the district court is AFFIRMED.